## Commonwealth v. Yearick

*Walter G. Stanton*, for Commonwealth.
*Robert L. Martin*, for defendant.

CAMPBELL, P. J., October 8, 1971.—Defendant was charged on September 21, 1970, with violating section 1002(b)(8) of The Vehicle Code, driving 55 miles per hour in a 45 miles per hour zone, 75 PS §1002(b)(8). Preliminary hearing was waived and a motion to quash was filed by defense counsel on the grounds that the information was dated and sworn to on October 4, 1970, a Sunday. We allowed Commonwealth's motion to amend the date to October 3, 1970.

The testimony of the justice of the peace and the arresting officer was taken. The arresting officer testified that he typed the information on September 28, 1970, but was unable to see the justice of the peace that day. He returned to the office of the justice of the peace on October 3rd when he swore to the information and that he had a notation on his arrest report to this effect. The justice of the peace testified that the information was filed on October 3rd and that he erroneously dated it the fourth instead of the third. He further testified that he had never accepted

any information for any summary offenses on a Sunday, although he has no specific recollection of this particular case. The transcript which he returned contained an explanation consistent with the above testimony. We find and conclude beyond a reasonable doubt that the information is erroneously dated and that it should have been dated October 3, 1970.

All parties agree that the motion to quash should be allowed if the information was, in fact, filed and sworn to on October 4, 1970.

Rule 114 of the Pennsylvania Rules of Criminal Procedure provides as follows:

"No person arrested under a warrant or appearing in response to a summons or citation shall be discharged from custody nor shall any case be dismissed because of any informal defect in the warrant, summons or citation, but the warrant, summons or citation may be amended so as to remedy any such informality."

It is the court's opinion that inserting the incorrect date on which the information was sworn to is an informal defect and governed by this rule. We note that the comment following rule 115 indicates that substantive defects would include those cases where the defendant or the offense is not properly named or described. We believe that the insertion of an improper date of filing, execution or swearing to a complaint would be informal in nature and could be corrected.

While rule 114 specifically refers to a warrant, summons or citation, we believe that the now obsolete information which preceded the use of a citation is likewise governed by the rule.

Defendant's motion to quash is, therefore, refused and the district attorney is directed to list the case for hearing on the merits.